KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.—
December, 1884.

HOWARD *v.* HOWARD.

## *In the matter of the estate of* SAMUEL J. HOWARD, *deceased.*

Testator, by his will, gave certain property to his executor, in trust to receive the income and apply the same to the use of E., his widow, for life, who he also provided should be paid an annuity of $250, in lieu of dower. The annuity and income not being duly paid, and E. having presented a petition praying that the executor be compelled to file an account, and for the payment of the same, respondent set up an agreement between himself and E., whereby, in consideration of an increased allowance, she withdrew her opposition to the probate of the will, and released her dower; which agreement, it was contended, ousted the Surrogate's court of jurisdiction, and rendered resort to another tribunal necessary for its enforcement. The agreement contained a clause expressly negativing a waiver by E. of her rights under the will.—

*Held*, that, notwithstanding the agreement mentioned, the Surrogate's court had jurisdiction to compel the execution, in E.'s favor, of the provisions contained in the will, and that the prayer for the filing of an account should be granted.

PETITION by Emeline T. Howard, testator's widow, to compel J. P. J. Howard, the executor of his will, to file an account and pay certain income and an annuity provided by the will in her favor.

MICHAEL GRU, *for petitioner.*

WM. COIT, *for executor.*

THE SURROGATE.—This is an application to compel the executor to file an account and for the payment of an annuity.

The petition of Emeline T. Howard alleges that her husband, Samuel J. Howard, died in July, 1883, leav-

ing a will and codicil, which were admitted to probate by this court on September 15th following, by which he gave to the petitioner a life estate in the one half of the premises No. 83 Fleet street, Brooklyn, and the other half thereof to his executor and trustee in trust, to receive the rents and apply the same to the use of the petitioner during her life, and also an annuity of $250, to commence from the death of the testator, in lieu of dower. And the petitioner further alleges that the executor has not paid to her the annuity and the income since May 23d, 1884, as provided by the will; and that more than one year has elapsed since the will was admitted to probate.

The executor, on the return day of the citation, set forth in his affidavit, that the petitioner on September 8th, 1883, executed an agreement with said executor, by which she was, in consideration of an increased allowance, to withdraw her opposition to the probate of the will, and release her dower in her husband's estate, and that, by the execution of said agreement, she was remediless in this court. I think, however, that the petitioner has a right to insist in this court upon the payment of her annuity and the income provided for her by the will. In the agreement referred to, she did nothing but release her dower in the estate of her husband, and withdraw her opposition to the probate of the will. That was done in consideration that the executor should give to her an increased allowance to the one provided for in the will.

In this application she does not seek the aid of this court to enforce the agreement, but simply to compel the executor to provide for the payment of the

annuity and income to her, as provided in the will. There can be no doubt, so far as the agreement provides for an allowance in excess of that expressed in the will, that the petitioner must seek her remedy in another court.   The executor has had charge of this estate for a little more than one year, and the records in this county show that he has, in that time, mortgaged and sold most of the large estate which the testator left; besides judgments to a considerable amount have been docketed against him.   I very much fear that he has not provided for the payment of the petitioner's annuity, and the other annuities mentioned in the testator's will.   The agreement expressly provides that the petitioner has not waived any of her rights under the provisions of the will.

.I must, therefore, overrule the objection of the executor to the jurisdiction of this court, and order that he file an account of his proceedings.

An order may be entered directing the executor to render an account of his proceedings, as such, on or before January 12th, 1885.